# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | § | |
|---|---|---|
| JON DAVID ALLEN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-41-O |
| | § | |
| HACKFELD ENTERPRISES, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 13), filed June 4, 2013; Defendants' Brief in Support and Appendix (ECF No. 14), filed June 4, 2013; Plaintiff's Response (ECF No. 15), filed June 25, 2013; Plaintiff's Brief in Support and Appendix in Support (ECF No. 16), filed June 25, 2013; and Defendants' Reply (ECF No. 17), filed June 26, 2013. Having reviewed the pleadings, evidence, and the applicable law, the Court finds Defendants' motion for summary judgment should be and is hereby **DENIED**.

To prevail on its summary judgment motion, Defendants must establish that no genuine dispute of material fact exists as to whether Plaintiff was an independent contractor under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* *See* Fed. R. Civ. P. 56. "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions

of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

"The definition of employee under the FLSA is particularly broad," *Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008) (citing *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 326 (1992)), although courts have reached "mixed results" as to whether satellite and cable installers are employees under the FLSA. *See Lang v. DirecTV, Inc.*, 801 F. Supp. 2d 532, 536 (E.D. La. 2011); *see also Martin v. Shelby Telecom, LLC*, No. 2:11-cv-01563, 2012 WL 2476400, at *3 (N.D. Ala. June 26, 2012). Under the "economic reality" test, the Court considers five non-exhaustive factors to determine if the alleged employee "so economically depends upon the business to which he renders his services," such that the individual should be classified as an employee. *Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 845-46 (5th Cir. 2010). The five factors considered by the Court are:

> (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer, and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer.

*Id.* at 846 (citing *Hopkins*, 545 F.3d at 346). This determination is "fact intensive" and "highly dependent on the particular situation presented," and no single factor is determinative. *See id.* at 846, 848. These five factors aid in answering "the final and determinative question" of whether the

2

individual was so dependent on the alleged employer that he comes within the protection of the FLSA. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1044 (5th Cir. 1987) (quoting *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311-12 (5th Cir. 1976)).

Here, Plaintiff alleges that Defendants "exercised sufficient control over Plaintiff to make him an employee" under the FLSA and entitled to overtime compensation. Compl. 3, ECF No. 1. Defendants moved for summary judgment, asserting that Plaintiff was properly classified as an independent contractor. Defs.' Mot. Summ. J. 1, ECF No. 13. The Court finds that there are substantial factual disputes over the permanency of the relationship between Plaintiff and Defendants, the degree of control exercised by Defendants, the skill and initiative required to perform the job, and the degree to which Plaintiff's opportunity for profit and loss was determined by Defendants.

The parties have raised genuine issues of material fact, particularly regarding Plaintiff's ability to dictate his own work schedule, Defendants control and supervision over Plaintiff's performance of his work, and Plaintiff's ability to work for other companies, and therefore, summary judgment is inappropriate.

Defendants' also argue that summary judgment is proper on the issue of whether Defendants willfully violated the FLSA. Defs.' Mot. Summ. J. 2, ECF No. 13. FLSA violations are willful "if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 554 (5th Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Whether an employer acted willfully is a question of fact, and summary judgment in favor of the employer is inappropriate if the plaintiffs have introduced evidence sufficient to support a finding

3

of willfulness." *Sealey v. EmCare, Inc.*, No. 2:11-cv-00120, 2013 WL 164040, at *1 (S.D. Tex. Jan. 14, 2013) (citing *Ikossi–Anastasiou*, 579 F.3d at 552). Substantial factual disputes exist as to the nature of the working relationship between Plaintiff and Defendants and whether Plaintiff was an employee or an independent contractor, and thus, summary judgment on the issue of Defendants' willful violation of the FLSA is inappropriate.

Accordingly, Defendants' Motion for Summary Judgment (ECF No. 13) is **DENIED.**

**SO ORDERED** on this **20th day of August, 2013.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**